IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| KHATERA MALI, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-621 (PTG/WEF) |
| | ) | |
| MARCO RUBIO, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

## ORDER

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. 8. On April 11, 2025, Plaintiff Khateri Mali, proceeding *pro se*, filed this matter seeking to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate Plaintiff's Form I-130, Petition for Alien Relative ("Form I-130 Petition"). Dkt. 1. On July 25, 2025, USCIS issued a decision revoking Plaintiff's Form I-130 Petition. Dkt. 9-2.[1] Defendants' Motion to Dismiss contends that the matter is, therefore, now moot and must be dismissed for lack of jurisdiction. Dkt. 9 at 5. The Court agrees.

The Court's jurisdiction extends to "cases or controversies" under Article III of the United States Constitution. *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). However, "[w]hen a case or controversy ceases to exist ... the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action"

---

[1] Because this matter is before the Court on a Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction, the Court may consider exhibits outside the pleadings. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

*sua sponte.* Fed. R. Civ. P. 12(h)(3); *Brickwood Contractors, Inc. v. Datanet Eng'g*, 369 F.3d 385, 390 (4th Cir. 2004).

USCIS's revocation decision on July 25, 2025 rendered the matter moot by resolving the key controversy in the Complaint. *See generally* Dkt. 1 (seeking to compel USCIS to adjudicate the application). Because Plaintiff did not file an appeal, the revocation decision took final effect on August 25, 2025, thirty days after the date of the decision notice. Dkt. 9-2. Accordingly, the Court must dismiss the matter for lack of jurisdiction. *See e.g., Mohammed v. Holder*, 695 F. Supp. 2d 284, 289 (E.D. Va. 2010) (finding petition for writ of mandamus ordering USCIS to adjudicate application moot after USCIS administratively closed the application); *Qui v. Mayorkas*, No. 3:23-cv-413, 2024 WL 329140, at *2 (E.D. Va. Jan. 29, 2024) (finding that the issue to compel USCIS to process an asylum application became moot after USCIS scheduled an interview on plaintiff's asylum application); *Deussom v. Noem*, No. 1:25-cv-404, 2026 WL 269265, at *2 (E.D. Va. Feb. 2, 2026) (finding complaint seeking writ of mandamus to compel USCIS adjudication moot after asylum application granted). Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Dkt. 8) is **GRANTED**. The Complaint is **DISMISSED without prejudice**.

To appeal this decision, Plaintiff must file a Notice of Appeal (NOA) with the Clerk's Office within sixty (60) days of the date of this Order, including in the NOA the date of the Order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

The Clerk is directed to send a copy of this Order to Plaintiff, who is proceeding *pro se*, and to close this civil action.

Entered this 26th day of February, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

2